UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0119-WTL-TAB |
| | ) | |
| KERRY JOSE GOMEZ, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On December 16, and 20, 2019, the Court held hearings on the Petitions for Warrant or Summons for Offender Under Supervision filed on November 15, and December 19, 2019. Defendant Gomez appeared in person with his appointed counsel Michael Donahoe and Gwendolyn Beitz. The government appeared by Barry Glickman and Jeff Preston, Assistant United States Attorneys. U. S. Parole and Probation appeared by Officers Mark McCleese and Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Gomez of his rights and provided him with a copy of the petition. Defendant Gomez orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Gomez admitted violation nos. 1, 2, and 8. [Docket Nos. 74, and 83.] Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
|   | On November 4, 2019, Mr. Gomez reported to the probation office and stated he was planning to move from his residence at 3702 N. Audubon Road, Indianapolis, Indiana, by Friday, November 8, 2019. At the time, he had not established another address, and was unsure as to where he would live. He was reminded of his requirement to keep the probation officer informed of his whereabouts, and was instructed to notify the probation officer immediately upon moving and to report his new address. However, on November 8, 2019, the probation officer received notification from Mr. Gomez's landlord indicating he had moved around November 7, 2019. She went into his sleeping room on that day and discovered he had removed all of his belongings. Reportedly, he also had not paid his rent. As of the filing of this report, the offender has not contacted the probation officer to report a change of address, and it is not known where he is now residing. |
| 2 | **"You must comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense."** |
|   | On November 4, 2019, the probation officer instructed Mr. Gomez to update the sex offender registry within 72 hours of moving. As mentioned above, he moved around November 7, 2019, but as of the filing of this report, he has not reported to local law enforcement authorities to update the sex offender registry. |
| 8 | **"You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."** |
|   | Mr. Gomez worked as a dishwasher and cook at Olive Garden Italian Restaurant, Indianapolis, Indiana, from approximately August 15, 2019, until sometime before December 1, 2019. According to a manager at the restaurant, Mr. Gomez stopped showing up for work sometime between November 24, 2019, and December 1, 2019. His last paycheck was dated |

        November 24, 2019. He was eventually terminated for failing to report to work.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

6. The parties jointly recommended a sentence of ten (10) months with seven and a half (7 ½) years of supervised release to follow. Defendant requested a transfer of supervised release to Northern District of Illinois, Chicago.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of ten (10) months with seven and a half ( 7 ½) years of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment, substance abuse testing, sexual disorder assessment/treatment, physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

    These conditions are recommended to assist the probation officer in supervising Mr. Gomez in the community and to ensure public safety. Given Mr. Gomez's instant offense, and accompanied by a prior revocation of supervised release, the aforementioned conditions are prudent.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

4

16. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

    Given the offender's substance abuse history and a conviction for an alcohol-related offense while under supervision, these conditions are crucial in helping to hold him accountable, assisting him in his rehabilitation, and providing him with necessary substance abuse/alcohol treatment in the community.

19. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

    Due to Mr. Gomez's outstanding fine balance, for collection purposes, this condition is recommended.

20. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

21. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

22. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

23. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

24. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

25. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

26. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

27. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

    These conditions are recommended given the nature of the instant offense, which includes his possession of child pornography, and are necessary to assist in community safety.

28. You shall reside in a residential reentry center for a term of up to 120 days. You shall abide by the rules and regulations of the facility.

    As Mr. Gomez appears to need more stability, including a structured living environment, this condition is recommended.

6

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 12/30/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system